## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY A. HOLTZ,              ) | |
|                                )  | |
|         Plaintiff,             ) | |
|                                ) | |
| vs.                            ) | Cause No.: 3:20-cv-91 |
|                                ) | |
| HISTORIC TIMBER AND PLANK, INC.; ) | JURY TRIAL DEMANDED |
| JOSEPH ADAMS; AND MARGARET     ) | |
| ADAMS                          ) | |
|                                ) | |
|         Defendants.            ) | |

## COMPLAINT

Plaintiff Jeffrey A. Holtz ("Holtz"), by and through his counsel of record, states the following for his Complaint against Defendants Historic Timber and Plank, Inc. ("HTP"), Joseph Adams, and Margaret Adams:

## NATURE OF THE ACTION

1. This is an action to recover damages arising out of Defendants' wrongful conduct of inducing Plaintiff to perform valuable, bet-the-company services in exchange for the promise of employment and ownership interest in HTP. After Plaintiff spent numerous uncompensated months learning about HTP's business and helping HTP secure a $4.3M Small Business Association loan ("SBA loan"), with Plaintiff making personal loans to HTP pending the closing of the SBA loan, Defendants reneged on their contractual promise to reward Plaintiff with employment and equity options contingent upon the closing of the SBA loan. Just seven (7) days after the SBA loan closing, Defendants conjured up pretextual reasons to terminate Plaintiff's employment agreement, an agreement that Defendants had no apparent intention to honor, but rather used as a carrot to induce Plaintiff to provide many months of valuable services for free.

## THE PARTIES

2. Plaintiff Jeffrey A. Holtz is an individual residing in St. Charles, Missouri. Holtz is a Certified Public Accountant and a graduate of the Wharton School of Finance, University of Pennsylvania, and he has extensive experience in certified public accounting, banking, corporate finance, and mergers and acqusitions. He also is an Ordained Deacon and Ruling Elder in the Evangelical Presbytarian Church.

3. Defendant HTP is an Illinois Corporation with its principal place of business located at 16096 Lageman Lane, Brighton, Illinois.

4. Defendant Joseph Adams is the President and co-owner of HTP and is an individual residing in Brighton, Illinois.

5. Defendant Margaret Adams is the Secretary and co-owner of HTP and is an individual residing in Brighton, Illinois. Joseph Adams and Margaret Adams are husband and wife.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The employment benefits and ownership interests at issue far exceed the amount in controversy threshold to attain diversity jurisdiction.

7. Venue in the Southern District of Illinois is proper under 28 U.S.C. § 1391 because HTP's principal place of business is in this judicial district, because Defendants Joseph and Margaret Adams reside in this judicial district, and because a substantial part of the events or omissions giving rise to the action occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

8. On or about August 20, 2018, Defendant Joseph Adams, on behalf of Defendant HTP, reached out to Plaintiff for assistance in obtaining financing for HTP.

9. On August 27, 2018, Plaintiff met with Defendants Joseph and Margaret Adams and certain other HTP employees, and Plaintiff toured the HTP plant and facilities. Plaintiff also began to study HTP's inventory, backlog of orders, and other relevant business matters, including HTP's 2016 Chapter 11 Bankruptcy and other pending legal issues.

10. Despite HTP's recent bankruptcy and pending legal issues, Plaintiff saw tremendous upside for HTP as long as it could obtain financing and working capital to improve production, fill back orders, and strengthen its financial management and marketing endeavors.

11. In early September 2018, Plaintiff began reaching out to his network of contacts for the purpose of raising capital and long-term financing for HTP. Plaintiff set up meetings with these contacts, and by the end of September 2018, Plaintiff had arranged HTP site visits with two of his contacts, one of whom was Peter Schaefering of Griffin Commercial Capital.

12. Throughout the Fall of 2018, Plaintiff continued to immerse himself into the business of HTP, and he worked on preparing financing packages with exhibits detailing the history of HTP, HTP's business plan, pro forma, high profile projects, patented products, financial and equipment needs, millions of dollars of back-logged orders, and letters of intent from European customers.

13. In November of 2018, the financing package was delivered to Peter Schaefering of Griffin Commercial Capital, among others.

14. HTP subsequently decided to work with Plaintiff and Mr. Schaefering on obtaining financing and interfacing with Advantage Capital and the eventual lender of the $4.3M SBA loan, First Bank of the Lake.

3

15.     Mr. Schaefering was engaged under an arrangement where he would receive a success fee contingent upon securing a loan.

16.     With respect to Plaintiff, however, HTP entered into a written contract dated December 23, 2018 (the "Contract") which would reward Plaintiff's efforts with employment and equity options "contingent upon HTP receiving sufficient financing to acquire the digital 'rip n' ship' equipment and sufficient working capital to achieve $5M in annual sales," which HTP accomplished on October 31, 2019, when it closed on the $4.3M SBA loan with First Bank of the Lake. The contract is well known to and in the possession of the Defendants.

17.     Just seven (7) days after the loan closing, however, HTP reneged on the Contract, citing thinly-veiled pretextual reasons for terminating the Contract with cause.  There was no legal basis for terminating the Contract for cause.  Instead, it appears that Defendants fraudulently induced Plaintiff to work tirelessly to obtain financing with no intention of honoring the Contract.

18.     In furtherance of this inducement, and demonstrative of Defendants' pretext in terminating Plaintiff's Contract a week after Defendant HTP secured the SBA loan, on numerous occasions prior to the SBA loan closing, Defendant Joseph Adams reiterated the contractual promises made to Plaintiff which were contingent upon the closing of the SBA loan.  For example, in March of 2019, after much of the legwork had been completed in connection with securing the SBA loan, Defendant Joseph Adams told Plaintiff, **"Your contacts in STL and your sales skills are very valuable to this project and your time and effort to date and the investment are all Greatly appreciated.  You will be rewarded with ownership and paid well if we can stay focused and close on the Advantage Capital financing."**  (Emphasis added).

19. By way of further example, on April 16, 2019, after Defendant HTP defaulted on personal loans from Plaintiff to HTP (loans meant to help carry Defendant HTP until it obtained financing), Defendant Joseph Adams told Plaintiff, "If you want to protect your investment and help the company move forward, I recommend you continue to pursue projects and sales with the contacts you have.  We will support those efforts on every front and pay you commission on any sales before we close on the loan and your official employment begins."

## COUNT ONE – BREACH OF CONTRACT
### (Directed to HTP)

20. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. HTP entered into a valid, binding Contract with Plaintiff.

22. At all times relevant to this dispute, Plaintiff complied with and performed all of the material terms and conditions of the Contract.

23. HTP breached the Contract by terminating it "for cause" when HTP had no valid cause to do so.

24. As a direct and proximate result of HTP's breach, Plaintiff has been damaged in an amount in excess of $75,000, with full damages to be ascertained at trial.

## COUNT TWO – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Directed to HTP)

25. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. In the alternative, and only to the extent Defendant HTP asserts that it exercised discretion in terminating the Contract for cause, HTP has violated the implied covenant of good faith and fair dealing found in every contract in Illinois by accepting Plaintiff's services,

inducing Plaintiff to continue to provide services without renumeration, and reneging on the promises it made to Plaintiff without proper motive, arbitrarily, capriciously, and in a manner inconsistent with the reasonable expectations of Plaintiff.

27. HTP's lack of good faith and fair dealing is evidenced by HTP's purported termnation of the Contract "for cause," even though the purported cause pre-dated the effective date of the Contract and even though the purported cause occurred at times when HTP continued to accept Plaintiff services without complaint and, in fact, occurred when HTP was retiterating its intention to fully perform the contractual promises it made to Plaintiff, all as more fully set forth above.

28. In taking such action, and in continuing to accept Plaintiff's services without compensation and with the continued promise to reward Plaintiff with ownership and substantial salary payments contingent upon the closing of the SBA loan, HTP has exceeded the limits of reasonableness and has violated the covenants of good faith and fair dealing.

29. By breaching the implied covenant of good faith and fair dealing as described herein, HTP has deprived Plaintiff of the benefit of his bargain.

30. As a direct and proximate result of HTP's actions in breaching the implied covenant of good faith and fair dealing, Plaintiff has been damaged.

## **COUNT THREE – FRAUD**
**(Directed to HTP)**

31. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant HTP made a promise to employ Plaintiff and to provide Plaintiff with an equity interest in HTP contingent upon obtaining the SBA loan.

6

33. Defendant HTP made this promise with the present intention never to employ Plaintiff or to provide Plaintiff with an equity interest in HTP.

34. Such false promises were in furtherance of the scheme employed by HTP to accomplish the fraud of obtaining Plaintiff's valuable services for free.

35. Such fraudulent statements were intended to and did induce action and reliance by Plaintiff.

36. Plaintiff relied on HTP's fraudulent promises in reasonable reliance on the truth of HTP's statements.

37. In addition to the present intention not to perform the promises set forth in the December 23, 2018 Contract, HTP continued to provide Plaintiff with false assurances in order to induce continued action by Plaintiff.

38. For example, in March of 2019, after much of the legwork had been completed in connection with securing the SBA loan, HTP's President Joseph Adams told Plaintiff, "Your contacts in STL and your sales skills are very valuable to this project and your time and effort to date and the investment are all Greatly appreciated. You will be rewarded with ownership and paid well if we can stay focused and close on the Advantage Capital financing."

39. In April of 2019, Plaintiff again was told that his official employment would begin upon the closing of the SBA loan.

40. Similar statements were made by HTP to Plaintiff during the numerous months leading to the closing of the SBA loan.

41. As a direct and proximate result of HTP's fraudulent conduct, Plaintiff has been damaged.

42. HTP's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff also is entitled to punitive damages.

### COUNT FOUR – FRAUD
### (Directed to Joseph Adams)

43. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendant Joseph Adams personally and actively participated in the fraud alleged in Count Three.

45. As a direct and proximate result of Defendant Joseph Adams's fraudulent conduct, Plaintiff has been damaged.

46. Defendant Joseph Adams's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff also is entitled to punitive damages.

### COUNT FIVE – FRAUD
### (Directed to Margaret Adams)

47. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendant Margaret Adams personally and actively participated in the fraud alleged in Count Three and Four, and she condoned, directed, and approved the fraudulent conduct of HTP and Joseph Adams.

49. As a direct and proximate result of Defendant Margaret Adams's fraudulent conduct, Plaintiff has been damaged.

50. Defendant Margaret Adams's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff also is entitled to punitive damages.

### COUNT SIX – UNJUST ENRICHMENT IN TORT
**(Directed to HTP, Joseph Adams and Margaret Adams)**

51. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. As a victim of the tortious conduct described above, Plaintiff has conferred a benefit upon Defendants HTP, Joseph Adams, and Margaret Adams by way of acting as their business advisor, financial consultant, and financier, and by way of Plaintiff's efforts in securing business contacts and securing the $4.3M SBA loan.

53. Through the tortious means described above, Defendants HTP, Joseph Adams, and Margaret Adams received, retained, and/or otherwise benefited from the services provided by Plaintiff.

54. Defendants HTP, Joseph Adams and Margaret Adams have been unjustly enriched to Plaintiff's detriment such that it would be inequitable for Defendants HTP, Joseph Adams, and Margaret Adams to retain the benefits of Plaintiff's services without reasonable payment for the services rendered.

55. Defendants HTP, Joseph Adams, Margaret Adams's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff also is entitled to punitive damages.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all claims and all issues properly so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeffrey A. Holtz requests the Court enter judgment in his favor and against Defendants HTP, Joseph Adams, and Margaret Adams as follows:

A. Awarding damages to Plaintiff in an amount according to the proof at trial;

B. Awarding declaratory, equitable, and/or monetary relief as appropriate for the causes of action alleged herein;

C. Awarding attorneys' fees;

D. Awarding pre-and post-judgment interest;

E. Awarding punitive damages; and

F. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Russell K. Scott

Russell Scott #02533642
Greensfelder, Hemker, & Gale, P.C.
12 Wolf Creek Drive | Suite 100
Belleville, IL 62226
Telephone (618) 239-3612
Facsimile: (618) 257-7353
rks@greensfelder.com

Kevin F. Hormuth #6278862 *Pro Hac Vice Pending*
Greensfelder, Hemker, & Gale, P.C.
10 South Broadway | Suite 2000
St. Louis, MO 63102
Telephone:    (314) 516-2665
Facsimile:    (314) 241-4245
kfh@greensfelder.com

*Attorneys for Plaintiff*